UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT WHITE,

Plaintiff,

v.

NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY, *et al.*,

Defendants.

Case No. 3:25-cv-00240-MMD-CSD

ORDER

## I. SUMMARY

*Pro se* Plaintiff Robert White initiated this action by filing a complaint on May 16, 2025. (ECF No. 1 ("Complaint").) Before the Court are Defendants Nevada Department of Business and Industry ("B&I") and Nevada Attorney for Injured Workers's ("NAIW") (collectively, "State Defendants") motion to dismiss. (ECF No. 25 ("Motion").)[1] Also before the Court are Plaintiff's motions for default judgment (ECF Nos. 21, 22) and requests for Clerk's entry of judgment (ECF Nos. 35, 36). For the reasons discussed herein, the Court grants the Motion and denies the pending motions and requests for default judgment as moot.

## II. BACKGROUND[2]

Plaintiff filed a Complaint on May 16, 2025. (ECF No. 1.) The Court issued a notice of intent to dismiss under Federal Rule of Civil Procedure 4(m) on December 10, 2025, and set the deadline for dismissal on January 9, 2026. (ECF No. 5.) Plaintiff purported to file a certificate of service (ECF No. 6) on January 8, 2026, but service was improper (ECF No. 7). The Court extended the deadline for Plaintiff to file proof of service to March 6, 2026. (*Id.*) On February 27, 2026, Plaintiff filed a motion to extend time to serve

[1]Plaintiff responded (ECF No. 32) and State Defendants replied (ECF No. 34).

[2]The Court discusses only the relevant procedural background.

Defendants, which the Court granted, extending the deadline for service until May 1, 2026. (ECF Nos. 8, 9.) On April 29, 2026, Plaintiff filed proofs of service indicating that a process server personally "served" "a front desk secretary" at NAIW and a "front office secretary" at B&I with summons and a copy of the Complaint. (ECF Nos. 12, 12-1.)

**III. DISCUSSION**

State Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.[3] (ECF No. 25.) Plaintiff argues that State Defendants were personally served to their office secretaries on April 29, 2026, and State Defendants failed to respond so default judgment should be entered against them and the Motion denied as moot. (ECF No. 32 at 1-2.)

Federal Rule of Civil Procedure 12(b)(5) provides that insufficient service may be a basis for dismissal of a complaint. "Once service is challenged, plaintiff bears the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Under Rule 4, a state defendant must be served by "delivering a copy of the summons and of the complaint to its chief effective officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)-(B). The "chief executive officer" of a state-created governmental organization is the governor of the state of Nevada. *Uranga v. Adams*, No. 3:10-cv-00014-RCJ, 2011 WL 147909, at *4 (D. Nev. Jan. 14, 2011); *Bey v. Nevada*, No. 2:19-cv-221-JCM-VCF, 2019 WL 4784604, at *3 (D. Nev. Sept. 30, 2019) (explaining that under subsection A of Rule 4(j)(2), "service may be effected by serving the summons and complaint on the current governor"). Under Nevada law, a state defendant must be served by providing summons and a copy of the complaint upon the Attorney General and the "person serving in the office of administrative head of the named agency." NRS § 41.031(2)(a)-(b). Additionally, under Rule 4(m), "if the plaintiff shows

---

[3]State Defendants also argue that the Complaint should be dismissed under Rule 12(b)(1) and because Plaintiff failed to exhaust his administrative remedies, but the Court need not resolve this issue. However, Plaintiff should consider whether he is required to exhaust administrative remedies before filing another lawsuit.

good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

The Court finds that Plaintiff has failed to meet his burden of demonstrating that service was proper under Rule 4. Plaintiff asserts that his process server, John Kirby, personally served a copy of the Complaint and summons to State Defendants' office secretaries. (ECF No. 32 at 1-2.) However, because Plaintiff has not served the state governor, nor the Attorney General and the person serving in the office of the administrative head of the relevant state entities, Plaintiff has not effectuated service under Rule 4. Moreover, the Court finds that Plaintiff has not demonstrated good cause for his failure to effectuate service. Plaintiff filed the Complaint well over a year ago and State Defendants have still not been served, despite the Court granting three extensions. State Defendants clearly explain in their Motion the requirements for service, but Plaintiff insists in his response brief that State Defendants are merely "willful, inexcusable" and "neglectful." (ECF No. 32 at 2.) The Court notes Plaintiff's representation that he appears pro se, is seventy-seven years old, and has already incurred financial expenses from this case. While the Court sympathizes with the difficulties Plaintiff describes, the Court cannot find that Plaintiff has demonstrated good cause.

Accordingly, the Court will grant State Defendants' Motion and dismiss Plaintiff's Complaint without prejudice.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that State Defendants' motion to dismiss (ECF No. 25) is granted. Dismissal is without prejudice.

It is further ordered that Plaintiff's motions for default judgment (ECF Nos. 21, 22) and requests for Clerk's entry of judgment (ECF Nos. 35, 36) are denied as moot.

The Clerk of Court is directed to enter judgment and close this case.

DATED THIS 14th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE